**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steve RODRIGUEZ, Defendant– Appellant.**

**No. 93–2327.**

United States Court of Appeals, Tenth Circuit.

July 25, 1994.

John J. Kelly, U.S. Atty. and Rhonda P. Backinoff, Asst. U.S. Atty., Albuquerque, NM, for plaintiff/appellee.

Kurt J. Mayer, Asst. Federal Public Defender, Las Cruces, NM, for defendant/appellant.

Before TACHA, BRORBY, and EBEL, Circuit Judges.

EBEL, Circuit Judge,

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Appellant pled guilty to possession with intent to distribute less than 50 kilograms of

marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Appellant was sentenced to twelve months and one day incarceration and three years supervised release. Appellant appeals his sentence because the sentencing judge denied his motion for a downward departure. Appellant argued that he should be granted a downward departure because his criminal action was aberrant, he voluntarily entered into a counseling program while he was released pending sentencing, and his young son needed him for financial and emotional support.

The government objected to the downward departure, noting that the behavior of Appellant was not aberrant. Appellant had been previously arrested for driving under the influence of alcohol, and at that time, police found small amounts of cocaine and marijuana. Additionally, Appellant tested positive for marijuana use on two occasions while on release for the instant crime before sentencing. Appellant's voluntary surrender order was ultimately revoked when he tested positive for marijuana a third time. The government also noted that every family suffers some hardship when a family member is incarcerated.

The trial judge stated that:

the court will deny the motion for a downward departure, based on the objections of the government, which I find to be valid. And certainly if the defendant is still using marijuana while awaiting sentencing, why, that does not recommend a downward departure.

Record on Appeal, Vol. III at 7.

■ Although Appellant asserts that the judge's language was ambiguous and evidenced a misunderstanding on the judge's part about his discretionary authority to grant a downward departure, we find no such ambiguity. We find that the judge exercised his discretion not to downward depart. As such, we have no jurisdiction to review the sentencing court's decision. *See e.g., United States v. Barrera-Barron,* 996 F.2d 244, 245 (10th Cir.) *cert. denied,* — U.S. ——, 114 S.Ct. 358, 126 L.Ed.2d 321 (1993); *United States v. Fox,* 930 F.2d 820, 824 (10th Cir.), *opinion after remand,* 943 F.2d 1218, *cert. denied,* — U.S. ——, 112 S.Ct. 218, 116 L.Ed.2d 176 (1991); *United States v. Soto,* 918 F.2d 882, 883 (10th Cir.1990).

■ Moreover, even if the language in this case was ambiguous, and we hold that it was not, we no longer are willing to assume that a judge's ambiguous language means that the judge erroneously concluded that he or she lacked authority to downward depart. We think that "the district courts have become more experienced in applying the Guidelines and more familiar with their power to make discretionary departure decisions under the Guidelines." *Barrera-Barron,* 996 F.2d at 246. Accordingly, unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision. Absent such a misunderstanding on the sentencing judge's part, illegality, or an incorrect application of the guidelines, we will not review the denial of a downward departure. *United States v. Garcia,* 919 F.2d 1478, 1481 (10th Cir.1990).

We **AFFIRM.**