59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bruce Wayne EDWARDS, Defendant-Appellant.
 No. 94-6391.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Edwards appeals the sentence imposed by the district court after he violated the conditions of his supervised release from prison. The court ordered that he serve twenty-four months in prison, a term somewhat above the range of twelve to eighteen months suggested by 7B1.4 of the Sentencing Guidelines. Although recognizing that 7B1.4 is not binding upon the district court, see United States v. Lee, 957 F.2d 770, 772-75 (10th Cir.1992), Mr. Edwards argues that the court, in contravention of Lee, failed to consider the policies expressed by 7B1.4. We disagree and therefore affirm the sentence entered by the district court.
 
 
 3
 The record demonstrates that the 7B1.4 issue was presented to the district court. Mr. Edwards's trial counsel, at the revocation hearing, began his argument by informing the court that the sentence recommended by the Guidelines was substantially less than the maximum possible sentence. See Record, Vol. II, at 4.[2] The violation work sheet prepared by the Probation Office likewise indicated that the suggested sentence under the Guidelines was less than the possible maximum. See Gov't Brief, ex. A. The court, in turn, indicated before entering its judgment that it had "considered all the evidence that [it had heard that day]." See Record, Vol. II, at 19.
 
 
 4
 It is true that the court's analysis is not as explicit as it might have been. Nevertheless, the record is not so ambiguous as to allow us to conclude (in the face of the court's contrary statement) that it did not in fact consider an issue that had been placed before it by counsel. Compare United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994) (concluding in dicta that ambiguity supports the inference that court correctly apprehended its discretionary authority).
 
 
 5
 The sentence imposed by the district court was, in any event, "reasonable and justified"; any hypothetical error committed by the district court in its treatment of 7B1.4 was therefore harmless. See Lee, 957 F.2d at 774-75. The court in its order based the sentence upon Mr. Edwards's repeated failures, in the face of the lenity of the court and his probation officer, to attend a drug treatment program or to abstain from the use of cocaine. The court also noted Mr. Edwards's history of criminal conduct and advised him to consider his life's path during his time in prison. These reasons compare favorably to those affirmed in Lee, see 957 F.2d at 771, 774, and we see no reason to reach a different result in this case.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The parties dispute the length of the appropriate sentence under 7B1.4. Mr. Edwards concludes that the relevant range was six to twelve months; the government, as stated above, calculates a range of twelve to eighteen months. The parties agree that the district court was bound by statute to impose a sentence of at least twelve months. We need not resolve this dispute in light of our resolution of the other issues presented by this case