UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 6/5/96**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

ETTA MAY HOLVECK,

    Defendant - Appellant.

No. 95-3374
(D.C. No. 94-CR-40037)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Etta May Holveck appeals the sentence imposed by the district court following her guilty plea to one count of conspiracy to use interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 371.  The government moves

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to dismiss pursuant to 10th Cir. R. 27.2.1, arguing this court lacks jurisdiction to review a district court's discretionary decision not to depart from the sentencing guideline range.

Holveck was charged with one count of conspiracy to use interstate commerce facilities in the commission of murder for hire and one count of solicitation to use interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 373. Pursuant to Fed. R. Crim. P. 12.2, she filed a notice of intent to rely upon the defense of diminished mental capacity. Dr. William S. Logan, a forensic psychiatrist, examined Holveck and concluded she suffered from, inter alia, major depressive disorder with psychotic features. After reviewing Dr. Logan's diagnosis, the court suspended the trial to determine if Holveck was competent to stand trial. Dr. Edward Mahoney, a forensic psychologist, evaluated Holveck and determined she was competent to stand trial, although he concurred with Dr. Logan's diagnosis.

Holveck entered into a plea agreement in which she agreed to plead guilty to conspiracy in exchange for the government's motion for downward departure pursuant to U.S.S.G. § 5K1.1 and dismissal of the solicitation count. The probation office prepared a presentence investigation report in which it discussed departure pursuant to § 5K1.1 (substantial assistance to authorities), but not U.S.S.G. § 5K2.13 (diminished capacity). Holveck did not object to the report and she did not move for downward departure pursuant to § 5K2.13. At sentencing, she discussed her psychological condition, various assessments of her condition, and extra-circuit case law regarding § 5K2.13. She also

pointed to § 5K2.13 as "an additional ground for departure." Append. II at 16. The district court granted the government's motion for a § 5K1.1 downward departure and imposed a sentence of 30 months. However, the court rejected Holveck's suggestion of an additional ground for departure, noting: "The Court doesn't believe that probation is appropriate in this case. This is a serious offense." Id. at 20.

We have no jurisdiction to review a district court's discretionary refusal to depart downward; however, we will exercise review if the court erroneously believed it lacked authority to depart. United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995). Our review of the record indicates the court exercised its discretion not to depart pursuant to § 5K2.13. More specifically, the court's brief statement about the seriousness of the offense and the inappropriateness of probation, which immediately followed Holveck's § 5K2.13 argument, indicates to us that the court knew it had authority to depart downward but chose, in its discretion, not to grant departure.

Holveck's attempt to fashion the district court's discretionary decision not to depart downward as a failure to resolve a disputed issue pursuant to Fed. R. Crim. P. 32(c) is not persuasive. First, her reliance on 32(c)(3)(D) is misplaced. The version of the rule applicable here does not provide as she contends. Second, assuming she intended to argue under 32(c)(1), we are persuaded the court addressed its comments to its discretion to depart under § 5K2.13. When the transcript is read within the context of the entire sentencing hearing, it becomes clear that Holveck interprets the court's comments in an

3

unreasonably restrictive manner. Although brief, the district court directed these comments to Holveck's § 5K2.13 argument and not, as she seems to contend, simply to the government's motion pursuant to § 5K1.1. We do not construe the court's comments as an unambiguous statement of its belief that it lacked authority to depart downward. Cf. United States v. Rodriguez, 30 F. 3d 1318, 1319 (10th Cir. 1994) ("unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision").

Since the district court's discretionary refusal to depart downward was based on grounds other than the erroneous belief that it lacked authority to depart, we have no jurisdiction under 18 U.S.C. § 3742.

DISMISSED for lack of jurisdiction.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4