Filed 6/6/96

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD E. MERCER, aka Brian
Eugene Williams, Jr.,

Defendant-Appellant.

No. 95-3191
(D.C. No. 94-CR-10072)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, JONES,[**] and TACHA, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

<u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Ronald Mercer appeals from a sentence of one hundred fifty-one months. We affirm.

Defendant pled guilty to interference with commerce by threats or violence, in violation of 18 U.S.C. § 1951. The presentence report calculated a base offense level of twenty points, U.S.S.G. § 2B3.1, and added two points due to the threat of violence, U.S.S.G. § 2B3.1(b)(2)(F). Three points were subtracted for acceptance of responsibility, U.S.S.G. § 3E1.1(a), (b)(1) & (2), resulting in a total offense level of nineteen. Defendant was then found to be a career offender in accordance with U.S.S.G. § 4B1.1 because he was at least eighteen years old at the time of the offense, the offense was a felony crime of violence, and defendant had at least two prior felony crime of violence convictions. His adjusted offense level was calculated to be thirty-two. Three points were subtracted for acceptance of responsibility, resulting in a total offense level of twenty-nine. Defendant was placed in criminal history category VI. U.S.S.G. § 4B1.1. The resulting sentencing range was 151 to 188 months.

Defendant moved for a downward departure from the career offender range, arguing that there was an over representation of both the criminal history axis as well as the offense level axis. He contended that burglary is the least serious of the crimes of violence listed under U.S.S.G. § 4B1.2, which defines the crimes that qualify one as a career offender.

The district court stated that it had considered counsel's motion, but was persuaded that the presentence report's response to it in paragraph 100 was entirely accurate. The court also commented that it believed defendant was a career offender and that his history was not over represented. The court noted defendant had been arrested within a few months of his parole, indicating he had not learned anything. Nevertheless, the court sentenced defendant to the lowest end of the guideline range.

"A discretionary refusal to depart downward is not reviewable by this court unless it appears from the record the sentencing court erroneously believed the Guidelines did not permit a downward departure." United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995). Defendant claims the district court harbored this erroneous belief, based on the fact that the district court stated paragraph 100 of the presentence report was entirely accurate. This paragraph provides that defendant is a career offender under U.S.S.G. § 4B1.1, that 28 U.S.C. § 994(h) mandates the Sentencing Commission to assure that career offenders are sentenced "at or near the maximum term authorized," and that, because of this mandate, the Sentencing Commission took into account defendant's situation by implementing U.S.S.G. § 4B1.1. Paragraph 100 concluded that a downward departure is not warranted.

We disagree that the district court's endorsement of this paragraph establishes it did not believe it could depart downward. Even defendant concedes that the record was not "a model of clarity on whether the court's consideration of Mercer's motion was equivalent to a finding that it could depart, but simply chose not to depart." Appellant's Br. at 15. We

3

conclude the district court's remarks were, at most, ambiguous as to whether it thought it had authority to depart downward. This conclusion is fatal to defendant's claim, however, as the rule in this circuit is that "unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision." United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Nathaniel R. Jones
Senior Circuit Judge