**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA

          Plaintiff-Appellee,

v.

DANNY RAY SMITH,

          Defendant-Appellee.

Case No. 97-2078

(D.C. CR 95-639-01 SC)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

Danny Ray Smith appeals the district court's denial of his motion for downward departure pursuant to section 5K2.12 of the United States Sentencing Guidelines. The record indicates that the district court properly understood its authority to depart downward and exercised its discretion in refusing to do so. Accordingly, we conclude that we lack jurisdiction over Mr. Smith's appeal.[1]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

# I.  BACKGROUND

The government charged Mr. Smith with the November 17, 1995 robbery of the Western Commerce Bank in Hobbs, New Mexico and with using a firearm during that robbery.  See Rec. vol. I,  doc 8.  Subsequently, Mr. Smith plead guilty to both armed bank robbery (a violation of 18 U.S.C. § 2113(a) and (d)) and carrying a firearm during a crime of violence (a violation of 18 U.S.C. § 924(c)).

Following his plea, Mr. Smith filed a motion for downward departure and a request for an evidentiary hearing.  See Rec. vol. I, doc. 34.  In his motion for departure, Mr. Smith argued that two of his acquaintances had ordered him to commit the subject bank robbery in order to repay a gambling debt.  According to Mr. Smith, these acquaintances threatened to harm him and his family if he did not comply.  See id. at 5-7. He contended that these circumstances established that he committed the offense because of  "serious coercion, blackmail or duress," see id. at 11 (quoting USSG § 5K2.12) and that, as a result, he was entitled to a downward departure.  The government objected to Mr. Smith's motion.  See Rec. vol. I, doc. 36.  It contended that the facts alleged by Mr. Smith as justifying departure were not true.

The district court conducted an evidentiary hearing on Mr. Smith's departure motion on February 20, 1997.  Mr. Smith testified in his own behalf and presented testimony from several other witnesses.  The government then presented several witnesses in support of its position that the Mr. Smith's version of the events leading up

2

to the bank robbery was not true. After hearing the evidence, the district court concluded: "[T]he Court cannot find, based upon the testimony and evidence presented, the circumstances which would show a serious coercion, blackmail, or duress under 5K2.12 which would justify the Court in engaging a downward departure so the Motion for Downward Departure is denied." Rec. vol. V at 145 (Tr. of Feb. 20, 1997, Evidentiary Hr'g). The court sentenced Mr. Smith to a term of imprisonment of thirty-three months on the bank robbery count and sixty months on the firearm count. It ordered the sentence on the firearm count to run consecutively with the sentence on the bank robbery count.

## DISCUSSION

A discretionary decision not to depart downward from the Guidelines is not reviewable by this court unless the record establishes that the district court erroneously believed that it lacked the authority to depart. United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995); United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994). In order to be reviewable, the district court's erroneous statement as to its lack of authority must be unambiguous. Rodriguez, 30 F.3d at 1319. "Absent such a misunderstanding on the sentencing judge's part, illegality, or an incorrect application of the guidelines, we will not review the denial of a downward departure." Id.

Upon review of the record, we find no indication that the district court misunderstood its authority to depart. Under USSG § 5K2.12, "If the defendant

committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range." Here, the district court heard evidence concerning these factors and, in announcing its decision to deny Mr. Smith's motion for downward departure, cited the appropriate standard for departure under § 5K2.12. See Rec. vol. V, at 145 (Tr. of Feb. 20, 1997, Evidentiary Hr'g). Accordingly, we lack jurisdiction to review the district court's decision. See United States v. Wright, 37 F.3d 358, 361 (7th Cir. 1994) (concluding that the court lacked jurisdiction to review the district court's refusal to depart under USSG § 5K2.12); United States v. Gio, 7 F.3d 1279, 1291 (7th Cir. 1993) (same); United States v. Amparo, 961 F.2d 288, 292 (1st Cir. 1992) (same).

Therefore, for the reasons set forth above, we DISMISS Mr. Smith's appeal for lack of jurisdiction.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge