**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

ABDIEL OLIVARES,

    Defendant - Appellant.

No. 98-6387

(W.D. Oklahoma)

(D.C. No. CR-97-180-WA)

**ORDER AND JUDGMENT**   *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Abdiel Olivares and a co-defendant, Jose Flores, were arrested near an interstate highway in Oklahoma. They were traveling from Los Angeles to

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Wichita in an automobile which Olivares identified to police as his own. Following consent to search the vehicle, officers found a secret compartment in the trunk that contained roughly 20 pounds of methamphetamine. Olivares subsequently pleaded guilty, pursuant to a plea agreement, to knowingly and intentionally possessing with intent to distribute approximately 20 pounds of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 87 months' imprisonment, 5 years' supervised release, and a $100 special assessment. He now appeals his sentence.

At sentencing, Olivares sought a 2-, 3-, or 4-level reduction under USSG § 3B1.2, for a minor or minimal role in the offense. He also sought a downward departure on various grounds. The court denied the downward departure, but granted a 2-level reduction on the ground that Olivares was a "minor participant" under USSG § 3B1.2(b). On appeal, Olivares contends that he should have received a 3- or 4-level reduction, and that he should also have been granted a downward departure. Counsel for Olivares has moved to withdraw from the case and has filed a brief pursuant to    Anders v. California  , 386 U.S. 738 (1967), indicating counsel's belief that there are no non-frivolous issues for us to address. Olivares has not filed any response to the brief, despite the opportunity to do so. See id. at 744. We must therefore decide whether "any of the [appellant's] legal points [are] arguable on their merits (and therefore not frivolous)," in order to

determine whether to "afford the indigent the assistance of counsel to argue the appeal." Id.

We agree with Olivares' counsel that both issues raised are frivolous. First, we do not have jurisdiction to review the district court's decision to deny a downward departure, because its language does not unambiguously indicate that it believed it lacked authority to depart downward. See United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994). Rather, the court's language indicates the opposite:

> Mr. Olivares does stand here with some fairly unusual characteristics, but not to the extent that I would exercise discretion to depart downward. And there's no impediment in law to my doing so, and especially no impediment that arises out of the statutory minimum of ten years because the safety valve would apply so as to permit a sentence lower than the statutory minimum, however much lower it was.

R. Vol. IV at 36 (emphasis added). Thus, this issue is not arguable.

As to Olivares' role in the offense, USSG § 3B1.2 provides as follows:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a)     If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b)     If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

The Application Notes give further explanation regarding the terms "minor" and "minimal." Minimal participants are those "plainly among the least culpable of those involved in the conduct of a group." Id., comment. (n.1). Furthermore, "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." Id. The downward adjustment for minimal participants is to be applied "infrequently," for example where a defendant had done nothing but "to offload part of a single marihuana shipment" or to serve as a courier "for a single smuggling transaction involving a small amount of drugs." Id., comment. (n.2). Minor participants are those who are "less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n.3).

The district court found as follows, after hearing testimony from Olivares himself:

> On the basis of what has been presented here today, I find that the defendant was recruited into this drive as a mere mule; that he knew that methamphetamine, or some contraband, was to be transported; thus, he does have culpability. But he was unaware of the amount. He was not in charge of the itinerary or destination in any way. And he was not to receive any money for participating in the drive. And on those facts, I believe a determination of being a minor participant is entirely appropriate and that the burden has been borne.
> It's a long trip and it's with foreknowledge of the criminal purpose of the trip, so I don't find that he was minimal. It's not as if he suddenly found out about something when they were in Elk City or the like.

-4-

R. Vol. IV at 33-34.

We disturb a district court's decision under USSG § 3B1.2 only if it is clearly erroneous.   See United States v. Onheiber  , 173 F.3d 1254, 1258 (10th Cir. 1999).  Given this standard of review, as well as the language of the guideline and the district court's findings, Olivares has not presented an arguable issue on appeal.  The adjustment for minimal participation is to be applied "infrequently" and is for those "least culpable."  It is true that some facts are in Olivares' favor: the district court found that Olivares did not know the quantities involved, was not to receive money for the trip (although Olivares testified he was to receive use of the car afterwards), and was not in charge of the itinerary.  But as the court also noted, this was a long, cross-country trip undertaken with full criminal intent. This provides adequate basis for the court's determination that Olivares was no less than a minor participant.

Accordingly, we AFFIRM Olivares' sentence and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge