**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELIZABETH SUZANNE PORTMAN,

Defendant - Appellant.

No. 99-1251
(D. Ct. No. 98-CR-180-WM)
(D. Colo.)

**ORDER AND JUDGMENT**  *

Before **TACHA** , **McKAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.      See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

This appeal is from the sentence imposed by order of the district court

following defendant Portman's plea of guilty to Count One of an indictment

which charged her with bank robbery.  Defendant was sentenced to 30 months of

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment.  On appeal, she alleges that the district court erred by failing to consider a downward departure on the basis of diminished capacity in addition to and separate from the downward departure that the district court granted for coercion and duress.  We affirm.

Defendant pled guilty to bank robbery after she was indicted for her role in an incident in which she drove her boyfriend and others to World Savings and Loan in Lakewood, Colorado, on April 15, 1998.  Prior to sentencing, defendant filed a motion for downward departure in which she requested departures based on: 1) coercion and duress under United States Sentencing Guidelines ("U.S.S.G.") § 5K2.12; 2) diminished capacity under U.S.S.G. § 5K2.13; and 3) extraordinary remorse, aberrant behavior, overstated criminal history, and a combination of these factors pursuant to     Koon v. United States   , 518 U.S. 81 (1996).  The district court conducted a thorough sentencing hearing on May 10, 1999 at which the court heard arguments and testimony concerning all of the requested grounds for departure.  The court also heard testimony from an expert witness who was called to testify with regard to whether defendant Portman suffered from battered woman's syndrome.  At the end of that hearing, the district court determined that defendant suffered from battered woman's syndrome and therefore exercised his discretion to grant a two level downward departure on the basis of her vulnerability to coercion and duress.  The district court, however, did

- 2 -

not grant an additional departure for diminished capacity.  The district court said at that hearing:

> "With regard to diminished capacity, I think that's really the same bite of the apple as duress, and it, in my conclusion, is that the duress provision applies and is sufficient unto itself in my findings that she is in fact -- does have the syndrome.

The district court also granted the government's motion for a two level downward departure under U.S.S.G. § 5K1.1.  The result was the district court departed downward from the guideline sentence of 57-71 months to a four level reduction resulting in a level 18 range, a term of imprisonment from 30 to 37 months.  The court sentenced defendant Portman to 30 months of imprisonment.

On appeal, defendant argues that the district court misapplied the guidelines as a matter of law by conflating the request for downward departure for coercion and duress with the request for downward departure for diminished capacity.  We review legal interpretations of the application of the sentencing guidelines de novo.   United States v. Henry  , 164 F.3d 1304, 1310 (10th Cir. 1999), cert. denied, 119 S. Ct. 2381. We review factual findings relating to applications of the guidelines for clear error.      Id.  We are without jurisdiction to review a district court's discretionary refusal to depart downward from the guideline range unless the record is clear that the district court believed it did not have the authority to depart downward.     United States v. Fortier   , 180 F.3d 1217,

1231 (10th Cir. 1999) (citing United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir. 1994)).

We have reviewed the transcript of the sentencing hearing and conclude that the district court made a factual finding under the facts of this case in determining that the only downward departure warranted was based on coercion and duress. The district court's statement with respect to the additional request for a downward departure based on diminished capacity merely reflects the court's understanding of the facts of this case and the factual basis for the requests for downward departures. The record reveals no evidence that the district court was under any misapprehension about its power to depart downward for both reasons under the appropriate facts. The district court found that only the coercion and duress departure applied in this case. We hold therefore that the refusal of the district court to depart downward on the basis of diminished capacity was a simple refusal to depart downward which we will not review on appeal. The sentencing determination of the district court is affirmed.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge