**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FILBERTO ALAMANZA-ANTUNA,

Defendant-Appellant.

No. 00-4129
(D.C. No. 99-CR-703-W)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **BALDOCK, PORFILIO,** and **ANDERSON** , Circuit Judges.

Defendant pleaded guilty to one count of illegal reentry following

deportation in violation of 8 U.S.C. § 1326(a). The district court denied

defendant's motion for a downward departure and sentenced him to seventy-seven

months of incarceration, followed by thirty-six months of supervised release. The

sentence calculation included a sixteen-level enhancement for defendant's prior

conviction of an aggravated felony. *See* 8 U.S.C. § 1326(b)(2); U.S. Sentencing

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Guidelines Manual § 2L1.2(b)(1)(A) (USSG).  Defendant now appeals, arguing

that the district court erred (1) in denying his motion for a downward departure

based on over-representation of his criminal history category, and (2) in

enhancing his sentence based on a factor that was not charged in the indictment

and to which he did not plead guilty. [1]

Defendant contends that the district court erred in not granting him

a downward departure based on the over-representation of his criminal history

category. [2]  "Absent the trial court's clear misunderstanding of its discretion to

depart, or its imposition of a sentence which violates the law or incorrectly

applies the guidelines, we have no jurisdiction to review a refusal to depart."

*United States v. Saffo*, 227 F.3d 1260, 1271 (10th Cir. 2000) (quotation omitted).

We conclude that we have no jurisdiction to review the district court's refusal to

downward depart here.

The sentencing guidelines explicitly authorize a district court to grant

a downward departure when it determines that "the defendant's criminal history

was significantly less serious than that of most defendants in the same criminal

---

[1]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

[2]     Defendant also moved for departure based on cultural assimilation.  He
does not appeal the district court's refusal to depart on this ground.

history category." USSG § 4A1.3.  Despite this express authorization, defendant contends that the district court erroneously believed it had no discretion to depart downward because defendant's criminal history points far exceeded the number needed to place him in the highest criminal history category.  Defendant contends that the court's erroneous belief is evidenced by three statements or omissions by the court.  First, the court stated that "this is not a case for downward departure." R. Vol. III, at 5.  Second, the court expressed doubt as to whether the length of incarceration prescribed by the guidelines was necessary for violators like defendant.  Finally, the court expressly recognized its discretion to depart based on another factor–defendant's cultural assimilation–but it did not expressly recognize its discretion to depart based on the alleged over-representation of defendant's criminal history category.

We find nothing in these statements or omissions to suggest that the district court believed it was without discretion to depart on the basis of over-representation of defendant's criminal history category.  Moreover, even if the court's statements and omissions created some ambiguity as to whether it believed it had no discretion to depart, we have held that "unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision."  *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).  Because the district court did not

misunderstand its authority to depart and the sentence was neither illegal nor the result of an incorrect application of the guidelines, we do not have jurisdiction to review the court's denial of a downward departure. *Id.*

Defendant also challenges his sentence on the ground that it runs afoul of the United States Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requiring that facts used to enhance the penalty for a crime beyond the statutory maximum be submitted to a jury and proved beyond a reasonable doubt. Defendant argues that because the indictment did not charge him with the prior conviction of an aggravated felony and he did not plead guilty to that fact, the sentencing court could not rely on the prior conviction to enhance his sentence in accordance with 8 U.S.C. § 1326(b)(2).

*Apprendi*, however, expressly carved out an exception to its rule when the enhancement factor is a prior conviction, based on the Court's previous decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

> *Almendarez-Torres* held that 8 U.S.C. § 1326(b)(2), which mandates an increased sentence for violation of § 1326(a) if the previous deportation was after commission of an aggravated felony, was not a separate element of the offense that must be proved to a jury beyond a reasonable doubt, but was, instead, merely a sentencing factor based on recidivism.

*United States v. Martinez-Villalva*, 232 F.3d 1329, 1332 (10th Cir. 2000). Like *Martinez-Villalva*, "[t]his case falls squarely within the exception to the *Apprendi* holding and is governed by *Almendarez-Torres*." *Id.* at 1331. "We are bound by

that case to hold that the fact of defendant's prior felony conviction is not an element of the offense with which he was charged by indictment, but is, instead a sentencing factor." *Id.* at 1332. Defendant's efforts to challenge the continued validity of *Almendarez-Torres* are to no avail. *United States v. Dorris*, ___ F.3d ___, 2000 WL 1869462, at *5 (10th Cir. Dec. 22, 2000) (rejecting similar efforts). Accordingly, the district court's imposition of an enhanced sentence based on defendant's prior conviction did not violate his constitutional rights.

Because we have no jurisdiction to review the district court's denial of downward departure, the appeal is DISMISSED as to that issue. In all other respects, the district court's judgment is AFFIRMED. Appellee's motion to dismiss the appeal as to two issues listed in appellant's docketing statement is DENIED as moot.

Entered for the Court


John C. Porfilio
Circuit Judge
