**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFAEL AGUIRRE-TORRES,

Defendant-Appellant.

No. 00-6123
(D.C. No. 99-CR-155-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant Rafael Aguirre-Torres appeals his conviction for unlawful

reentry after deportation, in violation of 8 U.S.C. § 1326(a). He contends that

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court abused its discretion in granting the government's motion in limine to exclude all evidence relating to his defense of necessity and in denying his two motions for a continuance. Defendant also contends that the court erroneously believed it was without discretion to grant a downward departure based on the circumstances surrounding defendant's return to the United States. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Defendant was born in Mexico and came to the United States in 1979, where he lived with and cared for his mother. Defendant was deported from the United States in 1997 and again in 1998. In June 1999, defendant illegally reentered the United States after receiving news that his mother was very ill and wanted him to come care for her. Shortly after returning to the United States, defendant was arrested on a minor traffic offense and jailed. INS officials discovered defendant in the county jail in July 1999, and on September 21, a federal grand jury returned an indictment charging defendant with unlawfully reentering the United States after having been deported.

Defendant was arraigned on September 23, at which time appointed counsel Paul A. Lacy entered his appearance on defendant's behalf. Trial was set to begin the week of November 8. On November 3, the government filed a superceding indictment to correct the date of defendant's deportation. Defendant was

arraigned on the superceding indictment on November 4 and trial was reset to begin the week of December 6.

On November 5, Mr. Lacy filed a motion to withdraw, stating that his client had expressed dissatisfaction with him and wished to have substitute counsel appointed. The district court denied the motion on November 10 following a hearing. On November 30, retained counsel David Batton entered his appearance on defendant's behalf. On December 1, Mr. Batton filed a motion seeking to continue the trial to December 20 because he had recently been retained and needed time to familiarize himself with the facts and to prepare for trial. The court held a hearing on the motion and denied it after determining that Mr. Lacy was both prepared to go to trial himself and willing to assist Mr. Batton in preparing for trial.

On December 6, the day set for trial, Mr. Batton renewed his motion for a continuance. He argued that he needed more time to prepare for trial and, in particular, to investigate and prepare a possible defense that defendant lacked the requisite culpable state of mind when he reentered the United States. The government, in turn, filed a motion in limine seeking to prevent defendant from offering evidence in support of a defense of necessity. The court held a hearing on the parties' respective motions. The court denied defendant's renewed motion for a continuance and granted the government's motion in limine. At the

conclusion of the hearing, Mr. Batton advised the court that defendant would enter a conditional guilty plea, reserving his right to appeal the court's ruling on his defense of necessity. After a short recess, the court conducted a change of plea hearing and accepted defendant's conditional plea of guilty to the charge of illegal reentry. The court subsequently sentenced defendant to a term of seventy-seven months, at the low end of the range. The court denied defendant's motion for a downward departure, which he based on his need to reenter the United States to care for his mother. This appeal followed.

Defendant first contends that the court erred in preventing him from presenting a defense of necessity to the jury. "We review the district court's denial of the defense of necessity for an abuse of discretion." *United States v. Meraz-Valeta*, 26 F.3d 992, 995 (10th Cir. 1994).

> [A] defendant may successfully use a defense of necessity to excuse an otherwise illegal act if (1) there is no legal alternative to violating the law, (2) the harm to be prevented is imminent, and (3) a direct, causal relationship is reasonably anticipated to exist between defendant's action and the avoidance of harm. . . . In proving that there were no legal alternatives available to assist him, a defendant must show he was confronted with . . . a crisis which did not permit a selection from among several solutions, some of which did not involve criminal acts.

*Id.* (citations, emphasis, and quotation omitted).

Defendant argues that he should have been permitted to present evidence on a defense of necessity because "he reasonably believed that his mother, who

-4-

was confined to a wheelchair, with one leg, needing kidney dialysis three days per week, needed his assistance." Appellant's Br. at 8. Defendant argues that his actions were no different than those that any other son or daughter would take if confronted with the same circumstances.

Defendant's necessity defense fails, however, because the evidence proffered to the court showed "there were reasonable, legal alternatives open to Defendant other than his illegal reentry into the United States." *Meraz-Valeta*, 26 F.3d at 995. That defendant may have believed he had no legal alternatives is of no consequence. "Defendant's subjective belief as to available legal alternatives is not determinative. As long as Defendant's crisis permitted a selection from among several solutions, some of which did not involve criminal acts, the necessity defense must fail." *Id.* (quotation and citation omitted). The district court, therefore, did not err in granting the government's motion in limine to prevent defendant from presenting evidence relating to a defense of necessity.

Defendant also argues that the district court erred in refusing to continue his trial date so that his newly retained counsel could have more time to prepare for trial and to explore possible defenses.[1] We review the district court's denial

---

[1] In addition to the possible defense of lack of culpable intent upon which defendant based his renewed motion to continue, defendant now argues that his counsel also needed time to evaluate and prepare a possible collateral attack on the prior convictions that formed the basis of defendant's deportation.

of a continuance for an abuse of discretion. *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (en banc). We need not determine whether the court abused its discretion, however, because defendant waived his right to a jury trial when he pleaded guilty. Having waived his right to a jury trial, defendant cannot challenge the district court's denial of his motion to continue that trial. Defendant did not reserve his right to appeal the denial of a continuance, and he does not suggest that the denial coerced him into pleading guilty or even affected his decision to plead guilty. Accordingly, defendant's guilty plea effectively waived this challenge.

Finally, defendant contends that the district court erred in denying his motion for a downward departure. Defendant argued for a departure on the ground that the sentencing guidelines failed to account for the fact that pressing family obligations might compel a defendant to reenter the United States. Defendant urged the court to consider that he returned only because he felt he had no alternative in light of his mother's serious condition, and that he did not return for the purpose of furthering any illegal activity. Defendant sought to have the court sentence him to time served and then allow him either to serve a term of supervised release in the United States or be deported back to Mexico. The district court heard and considered the evidence and arguments presented by defendant, but refused to grant a downward departure.

"Absent the trial court's clear misunderstanding of its discretion to depart, or its imposition of a sentence which violates the law or incorrectly applies the guidelines, we have no jurisdiction to review a refusal to depart." *United States v. Saffo*, 227 F.3d 1260, 1271 (10th Cir. 2000) (quotation omitted). Despite defendant's arguments to the contrary, the record demonstrates that the district court understood it had authority to depart, but chose not to do so in the exercise of its discretion.

The district court judge specifically stated that he had considered defendant's evidence and was sympathetic to his plight and that of his mother, but "the bottom line is we don't want you in the United States." Appellant's App. at 88. The judge explained:

> You have committed–you've been convicted eight times of offenses and had several other arrests, three of those eight arrests include weapons offenses with alcohol and we just don't want you here. And I don't know of any other way to keep you out of society, other than to put you in prison, because I'm satisfied that if I released you to be deported, that you'd be back here shortly thereafter and a danger to our society, so I'm not going to depart.

*Id.* at 89. We find nothing in this statement to suggest that the judge believed he was without discretion to depart. Unless the judge "unambiguously states that [he] does not believe he has authority to downward depart, we will not review his decision." *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).

Because we have no jurisdiction to review the district court's denial of a downward departure, the appeal is DISMISSED as to that issue. In all other respects, the district court's judgment is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge