**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 6 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LAWRENCE C. MORA,

    Defendant-Appellant.

No. 00-1483
(D.C. No. 00-CR-134-M)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant was charged by indictment with three counts of filing a false income tax return in violation of 26 U.S.C. § 7206(1), and one count of failure to

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

file an income tax return in violation of § 7203. He initially pleaded not guilty to all counts. Defendant filed several pre-trial motions, including a motion to suppress, which the district court denied. Not long after the motion to suppress was denied, defendant reached a plea agreement with the government, agreeing to plead guilty to count three of the indictment (filing a false return), in exchange for the government's dismissal of the remaining three counts. Thus, defendant entered an unconditional guilty plea to count three and was sentenced to eight months' imprisonment. In addition, the district court imposed a supervised release term of one year and a $2,000 fine. Defendant appeals his sentence,[1] and we affirm.

In determining defendant's sentence, the district court applied the sentencing guidelines, and assigned defendant a base offense level of 13 and a criminal history category of I.[2] Defendant objected to this computation, arguing that his base offense level should be 12, because the tax loss resulting from his violation was more than $23,500, but less than $40,000. *See* U.S. Sentencing Guidelines Manual § 2T4.1(G). The district court found, however, that the tax loss was not reasonably ascertainable without an extensive trial, and it applied

---

[1]    Defendant's counsel filed an *Anders* brief on appeal, and defendant filed a response.

[2]    The court gave defendant credit for accepting responsibility for his actions, and it reduced the base offense level two points, to level 11. The two-level reduction for acceptance of responsibility is not at issue in this appeal.

USSG § 2T1.1(c)(1). *See id.* at § 2T1.1, comment. (n.1). Applying that guideline, the court found that the tax loss was more than $40,000, but less than $70,000, dictating a base offense level of 13. *See id.* at § 2T4.1(H).

Continuing his objection on appeal, defendant argues that the district court erred in calculating the tax loss and, ultimately, in applying subsection (H), instead of subsection (G), to determine his base offense level. We review the district court's factual finding that the tax loss was not reasonably ascertainable for clear error, and we must give due deference to its application of the guidelines to the facts in this case. *United States v. Sullivan*, 255 F.3d 1256, 1264 (10th Cir. 2001) (quotation omitted). Guided by these standards, we see no error in the district court's tax loss computation.

Defendant also argues that the district court erred in declining to depart downward from the sentencing guideline range. It is clear from the sentencing transcript that the district court understood it had the discretion to depart downward; it heard statements from both defendant and his counsel on the point, and the court simply declined to exercise its discretion to depart. Consequently, this court has no jurisdiction to review the district court's refusal to exercise its discretion to depart downward from the guideline range. *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).

Next, defendant argues that, contrary to the district court's finding, he is unable to pay the $2,000 fine. Again, we review the district court's finding on defendant's ability to pay a fine, a factual determination, for clear error. *See Sullivan*, 255 F.3d at 1264. The record supports the district court's finding that defendant is able to pay the fine imposed.

Finally, we come to the matter of the district court's denial of defendant's motion to suppress. Because defendant entered an unconditional guilty plea, he failed to reserve the right to have the denial of that pretrial motion reviewed. *See* Fed. R. Crim. P. 11(a)(2). In his response to counsel's *Anders* brief, defendant does not appear, however, to contest the district court's merits ruling on the motion to suppress. He appears, instead, to be complaining that his trial attorney did not inform him that by entering an unconditional guilty plea he would be waiving the right to appellate review of the denial of the suppression motion. To the extent that defendant attempts to assert that he received ineffective assistance of counsel, we decline to address the argument. This allegation would require development of a factual record by the district court, and, consequently, it is properly brought in a collateral proceeding and not in this direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

We AFFIRM.  The request for permission to withdraw is GRANTED.

Entered for the Court


Bobby R. Baldock
Circuit Judge