**F I L E D**

**UNITED STATES COURT OF APPEALS**

**MAR 8 2002**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE JUAN SALCIDO-NAVA, also
known as Carlos Lara-Gardea, also
known as Gardea Carlos Lara,

Defendant - Appellant.

No. 01-3174
(D.C. No. 00-CR-40121-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Jose Juan Salcido-Nava pleaded guilty to aggravated

reentry into the United States after previously having been deported in violation

of 8 U.S.C. §§ 1326(a)(2), (b)(2). He was deported in October 1992 after a 1991

conviction for unlawful possession with the intent to deliver a controlled

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

substance. He appeals his sentence. We dismiss the appeal in part and affirm the sentence.

Unlawful reentry after an aggravated felony conviction results in an offense level of 24. U.S.S.G. § 2L1.2(a), (b)(1)(A) (2000). After reducing the base offense level by three for acceptance of responsibility, Mr. Salcido-Nava's total offense level was 21 with a criminal history category of III and a guideline range of 46 to 57 months. Mr. Salcido-Nava filed a sentencing memorandum pursuant to U.S.S.G. § 5K2.0 requesting a downward departure to 24 months for a combination of factors related to his INS status and family circumstances. On May 18, 2001, the trial court denied Mr. Salcido-Nava's request for a downward departure pursuant to § 5K2.0 and sentenced him to 46 months imprisonment.

Mr. Salcido-Nava's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw. Anders holds that if counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. Counsel must also submit to the court a brief addressing anything in the record that arguably supports the appeal. Id. In the Anders brief, Mr. Salcido-Nava's counsel asserts that the district court's refusal to grant the downward departure was a reversible abuse of discretion. Aplt. Br. at 5. As required, a copy of counsel's Anders brief and motion to withdraw were provided to Mr.

Salcido-Nava, who filed a "letter-brief," raising the applicability of the November 2001 Amendments to the U.S.S.G. Pursuant to our duty under <u>Anders</u>, we have conducted an independent review. Because we agree that there are no non-frivolous issues on appeal, we grant counsel's motion to withdraw, dismiss the appeal as to the denial of the downward departure for lack of jurisdiction, and affirm Mr. Salcido-Nava's sentence.

Unless the judge's language unambiguously states that the judge does not believe he has the authority to make a downward departure, we do not have jurisdiction to review the denial of a downward departure. <u>United States v. Rodriguez</u>, 30 F.3d 1318, 1319 (10th Cir. 1994). The transcript of Mr. Salcido-Nava's sentencing hearing contains no such statement. Although the sentencing court noted that "if I could do what I would like to do as a person, [it] would be to send the defendant back to Mexico with some kind of chain that he couldn't come back," III R. 12, the court understood that it had the authority to grant a downward departure if it found the defendant's circumstances distinguished his case from the "heartland" cases covered by the guidelines. U.S.S.G. § 5K2.0; III R. 12. The lack of direct appellate review does not "amount to a violation of due process of law," Aplt. Br. at 7, for Congress can limit the jurisdiction of the federal courts when it comes to sentencing, <u>see</u> <u>United States v. Thomas</u>, 884 F.2d 540, 543 (10th Cir. 1989), and prior to guideline sentencing federal sentences

within statutory limits were virtually unreviewable. Koon v. United States, 518 U.S. 81, 97 (1996).

In his letter-brief to this court, Mr. Salcido-Nava asserts that the November 2001 amendment to the Sentencing Guidelines reduced the base offense level for the offense he was convicted of and should be applied to him because his case is not final. While U.S.S.G. § 2L1.2 was amended in November of 2001, it does not apply to his case; and, even if it did, it would not have changed his base offense level. Pursuant to U.S.S.G. § 1B1.11(a), a sentencing court must apply the guidelines in effect at the time of sentencing. United States v. Alvarez-Pineda, 258 F.3d 1230, 1235-36 (10th Cir. 2001). The November 2001 amendments were not in effect on May 18, 2001 when Mr. Salcido-Nava was sentenced. Additionally, the amended § 2L1.2 retains 8 as a base offense level and a 16 point increase for a felony conviction of a drug trafficking offense for which the sentence imposed exceeded 13 months. U.S.S.G. § 2L1.2(a)-(b)(1)(A)(i) (2001).[1] Mr. Salcido-Nava's sentence, therefore, would not have

---

[1] § 2L1.2 Unlawfully Entering or Remaining in the United States
    (a) Base Offense Level: 8
    (b) Specific Offense Characteristic
        (1) Apply the Greatest:
            If the defendant previously was deported, or unlawfully remained in the United States, after-
                (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; ... increase by 16

been different under the 2001 amendments.

Counsel's motion to withdraw is GRANTED. The appeal is DISMISSED in part and the SENTENCE is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

levels;
USSG § 2L1.2 (2001).