**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felix VILLELA–LUNA, also known as Jose Luna, Defendant–Appellant.**

No. 01–2321.

United States Court of Appeals, Tenth Circuit.

May 29, 2002.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

### ORDER AND JUDGMENT*

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Felix Villela–Luna appeals his sentence imposed following his plea of guilty to reentering the United States after being deported following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2). We dismiss the appeal.

Defendant was sentenced to a term of imprisonment of forty-six months, followed by two years of supervised release. The presentence report determined that under U.S.S.G. § 2L1.2 defendant's base offense level of 8 was increased by 16 levels because he reentered the United States after having been deported following commission of an aggravated felony. The adjusted base offense level of 24 was reduced by

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2 levels for acceptance of responsibility (U.S.S.G. § 3E1.1(a)), and 1 level for timely assistance to authorities (U.S.S.G. § 3E1.1(b)), resulting in an offense level of 21. With a Criminal History Category III, defendant's sentencing range was 46 to 57 months.

Prior to sentencing, defendant moved for a downward departure on equitable grounds. He contended his prior conviction was traditionally referred to as a "backpacker case," and that subsequent to his conviction the U.S. Attorney began to routinely offer sentences of one year and one day to backpackers. Further, he argued U.S.S.G. § 2L1.2 was amended in 2001 to provide for a 12–level increase to the base offense level for illegal reentry if the prior aggravated drug conviction carried a sentence of 13 months or less. *See* U.S.S.G. § 2L1.2(b)(1)(B) (2001). The district court denied the motion.

"We have often held that we have no jurisdiction to review a discretionary determination of a district court not to depart .from the sentencing guidelines." *United States v. Castillo,* 140 F.3d 874, 887 (10th Cir.1998). "[C]ourts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *Id.* "If the record is ambiguous concerning the district court's awareness of its discretion to depart downward, we presume the court was aware of its authority." *United States v. Nelson,* 54 F.3d 1540, 1544 (10th Cir. 1995). "Accordingly, unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision." *United States v. Rodriguez,* 30 F.3d 1318, 1319 (10th Cir.1994).

Defendant argues we have jurisdiction because in refusing to grant a downward departure, the district court "unambiguously stated that it believed there was no authority for a departure based on the disparate effect of the U.S. Attorney's policy concerning backpackers." Br. at 10. However, in denying defendant's motion for a downward departure, the district court stated:

Well, the Court does have a couple [of] comments that I do want to make in regards to this, because I do appreciate and see the argument that Counsel for the Defendant is making. And I'm having to find—I'm not having to—I hear the argument, but *I am at this time exercising my discretion* and saying, No, I'm not going to use that as a departure basis, assuming that I had discretion. I really question in my mind whether or not, legally, I could even do that, unless I said that this was not in the heartland and, in view of the policies of the United States Attorney for New Mexico, it would be a disparate treatment, and I'm not willing to go that far at this time, but I do see the argument and I understand the argument.

ROA, Vol. III at 9 (emphasis added). From defendant's viewpoint, at worst the district court's ruling was an unambiguous statement that it was aware it had discretion to depart downward and refused to exercise that discretion. At best, the district court's ruling was an ambiguous statement that it was aware it had such discretion and was refusing to exercise it. Under either scenario, the sentencing decision is not reviewable. *See Nelson,* 54 F.3d at 1544; *Rodriguez,* 30 F.3d at 1319.

The appeal is DISMISSED.