UNITED STATES of America, Plaintiff–Appellee,

v.

Willie Steven LOCKHART, Defendant–Appellant.

No. 94–3013.

United States Court of Appeals, Tenth Circuit.

Oct. 18, 1994.

Michael Lewis Harris, Asst. Federal Public Defender, Kansas City, KS, for defendant-appellant.

James E. Flory (Randall K. Rathbun, U.S. Atty., was with him on the brief), Asst. U.S. Atty., Topeka, KS, for plaintiff-appellee.

Before TACHA, LOGAN, and EBEL, Circuit Judges.

TACHA, Circuit Judge.

Defendant Willie Steven Lockhart pleaded guilty to conspiracy to possess with intent to distribute approximately 1.5 kilograms of cocaine in violation of 21 U.S.C. §§ 841, 846. The trial court applied the mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(B) for violations of sections 841 or 846 involving more than 500 grams of cocaine and sentenced defendant to 60 months of confinement and four years of supervised release.

Defendant appeals his sentence on three grounds. He first contends that the trial court committed error in not determining whether the quantity of drugs attributed to defendant was reasonably foreseeable. Second, he argues that the trial court's use of his three previous uncounseled misdemeanor convictions to enhance his sentence was unconstitutional. Finally, he contends that the trial court erred in failing to reduce his overall offense level for his minimal or minor participation in the offense. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

Neither party disputes the relevant facts. On June 30, 1993, an anonymous informant alerted the Kansas City, Kansas police that a passenger on a bus arriving from Los Angeles was transporting cocaine. The informant described the passenger as an African American female. The police decided to act on the tip and went to the Kansas City bus station to await her arrival. While waiting for the

bus, police observed a Cadillac with Missouri license plates drive through the station area and recorded its tag numbers.

When the bus arrived, no passenger fit the description provided by the informant, but the bus driver told the police that a black woman had exited the bus in Lawrence, Kansas. The Kansas City police then notified the police in Lawrence, who located the passenger outside a McDonald's restaurant adjacent to the Lawrence bus station. After some questioning, the passenger, Denise Purnell, admitted that her duffle bag contained cocaine. She then agreed to cooperate in staging a controlled transaction under police surveillance with the individuals to whom she was supposed to deliver the cocaine.

Defendant arrived at the McDonald's in Lawrence driving the same Cadillac that police had observed at the Kansas City bus station. Codefendant Johnnie Keith Givens was in the passenger seat. Givens, police later learned, had contracted with Purnell to transport cocaine from Los Angeles to Kansas City.

Defendant parked the car, Givens entered the restaurant, and Purnell gave Givens the bag containing cocaine. As Givens returned to the car, the police arrested Givens, the defendant, and a juvenile who was sitting in the back seat of the Cadillac. Police later discovered that the quantity of cocaine in the bag was roughly 1.5 kilograms. Defendant subsequently pleaded guilty to conspiracy to possess with intent to distribute approximately 1.5 kilograms of cocaine.

## II. Foreseeability of Drug Quantity

█ Defendant first claims that the trial court erred in applying the mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(B) for offenses involving more than 500 grams of cocaine without first determining that the quantity of drugs involved in the conspiracy was reasonably foreseeable to the defendant. Defendant was convicted of participating in a criminal conspiracy in violation of 21 U.S.C. § 846. Section 846 requires that individuals who participate in a criminal conspiracy "shall be subject to the same penalties as those prescribed for the

offense, the commission of which was the object of the ... conspiracy." Section 841, in turn, prescribes the penalties for possessing cocaine with the intent to distribute, the offense that underlay defendant's conspiracy conviction.

Section 841(b)(1)(B) states that "[i]n the case of a violation of subsection (a) of this section involving ... (ii) 500 grams or more of a mixture or substance containing a detectable amount of ... (II) cocaine, ... such person shall be sentenced to a term of imprisonment which may not be less than five years." The trial court determined that section 841 left no room for discretion: "I believe the mandatory minimum sentence applies to this case, that the plea was a conspiracy to distribute approximately 1.5 kilograms, more or less, of a controlled substance. And I think it is the view of the Court that is what is controlling here."

The sentencing scheme set out in 21 U.S.C. § 841 mentions nothing about the foreseeability of drug quantities to individual defendants. Section 846 does not contain language concerning foreseeability, either; it merely states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." But the United States Sentencing Guidelines expressly require that, in some (but not all) cases involving jointly undertaken drug offenses, the trial court may sentence the defendant based only on "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3, comment. n. 2.

This court has yet to address whether the foreseeability principles spelled out in the Sentencing Guidelines also apply to the imposition of mandatory minimum sentences pursuant to 21 U.S.C. § 841. Three other circuits have confronted this issue, and each has held that section 841 incorporates the Guidelines' foreseeability requirements. *See United States v. Young*, 997 F.2d 1204 (7th Cir. 1993); *United States v. Martinez*, 987 F.2d

920 (2d Cir.1993); *United States v. Jones,* 965 F.2d 1507 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 346, 121 L.Ed.2d 261 (1992). We need not address this issue here, however: Even assuming that the Guidelines' foreseeability principles apply to the imposition of mandatory minimum sentences under section 841, the quantity of drugs attributed to defendant for purposes of sentencing did not need to be foreseeable to him under the facts of this case.

Section 1B1.3(a)(1)(A) of the Sentencing Guidelines states that a defendant's base offense level shall be based on "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." Application note 2 to section 1B1.3 clarifies that "[with] respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved." U.S.S.G. § 1B1.3, comment. n. 2. While note 2 states that the foreseeability of the drug quantity attributed to the defendant is relevant in some cases of jointly undertaken criminal activity, it also states that "[t]he requirement of reasonable foreseeability applies only in respect to the conduct (*i.e.,* acts and omissions) of others.... *It does not apply to conduct that the defendant personally undertakes, aids, abets, counsels, commands, induces, procures, or willfully causes;* such conduct is addressed under subsection (a)(1)(A)." *Id.* (emphasis added).

In this case, the quantity of drugs attributed to defendant arose from conduct in which he personally participated: Defendant drove the car to the Kansas City bus station, and then to Lawrence, to facilitate the transaction between Givens and Purnell. Defendant knew that the purpose of the trip was to obtain cocaine. He therefore aided, abetted, and willfully caused the transaction. Under these circumstances, the quantity of drugs attributed to the defendant need not be foreseeable.

Significantly, this case does not involve a defendant who came late into a drug conspiracy and is now being held responsible for quantities of drugs transacted prior to his involvement. *Cf. Martinez,* 987 F.2d at 923 (defendant sentenced based on quantities of drugs dealt by coconspirator two years before defendant entered conspiracy). It also does not involve a defendant who played a small role in a much larger conspiracy, the scope of which he was unaware. *Cf. United States v. Castaneda,* 9 F.3d 761, 770 (9th Cir.1993) (low-level dealer who conspired with only one other individual held accountable for drug quantities involved in broad, eleven-member conspiracy), *cert. denied,* —— U.S. ——, 114 S.Ct. 1564, 128 L.Ed.2d 210 (1994). Rather, the transaction in Lawrence in which defendant personally participated constituted the entirety of the conspiracy.

We hold that, even if the foreseeability principles of the Sentencing Guidelines apply to the imposition of mandatory minimum sentences under section 841, the government did not have to prove that the quantity of drugs was reasonably foreseeable in this case. Because defendant personally participated in the transaction giving rise to the 1.5 kilograms that the trial court attributed to defendant, the foreseeability of the quantity was irrelevant. The trial court's imposition of a five year mandatory minimum sentence was appropriate.

### III. Use of Uncounseled Misdemeanor Convictions

Defendant next contends that the trial court erred in using defendant's three prior uncounseled misdemeanor convictions to increase his criminal history score under the Sentencing Guidelines by three points. Subsequent to defendant's filing of this appeal, the Supreme Court decided *Nichols v. United States,* —— U.S. ——, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). In *Nichols,* the Court held that prior uncounseled misdemeanor convictions that are themselves constitutional may be used to enhance punishment for subsequent convictions. —— U.S. at ——, 114 S.Ct. at 1928. In this case, because none of defendant's misdemeanor convictions resulted in imprisonment, each was constitutional. *See Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Their use by the trial court was therefore proper. Moreover, because the trial court's imposition of the statutorily mandated minimum

sentence was appropriate, any issues concerning the enhancement of defendant's sentence under the Guidelines are moot.

## IV. Minimal or Minor Participation in the Offense

 Finally, defendant contends that the trial court wrongfully denied him a reduction in his overall offense level for his minimal or minor participation in the offense. A trial court's determination as to whether a defendant was a minimal or minor participant is a factual finding that we review only for clear error. *United States v. Arredondo–Santos,* 911 F.2d 424, 425 (10th Cir.1990).

Section 3B1.2 states that the trial court should decrease the defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," by two levels "[i]f the defendant was a minor participant in any criminal activity," or by three levels "[i]n cases falling between" minimal and minor participation. Defendant points specifically to application note one to section 3B1.2, which states that the mitigating circumstance for minimal participation

> is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.

This court has held that, to receive a reduction under section 3B1.2, the defendant must prove by a preponderance of the evidence that he was a minimal or minor participant in the offense. *United States v. Occhipinti,* 998 F.2d 791, 802 (10th Cir.1993); *United States v. Carter,* 971 F.2d 597, 599 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 628, 121 L.Ed.2d 560 (1992). We have also held that a defendant is not entitled to a reduction under 3B1.2 simply because he is the least culpable among several participants in a jointly undertaken criminal enterprise. *United States v. Caruth,* 930 F.2d 811, 815 (10th Cir.1991).

We find that the uncontested facts contained in the presentence investigation report (PSIR) demonstrate that the trial court's judgment that defendant was not a minimal or minor participant was not clearly erroneous. The PSIR establishes that defendant knew that the purpose of driving to the bus station in Kansas City, and then to Lawrence, was to obtain cocaine. It also establishes that he expected "to get something out of it"—to be compensated for his involvement in the conspiracy. The PSIR therefore reveals that defendant had "knowledge or understanding of the scope and structure of the enterprise and of the activities of others." And, although defendant may have been less culpable than Givens or Purnell, this is not dispositive, for "being comparatively less culpable than the other defendants and obtaining minimal participant status are not necessarily synonymous." *Caruth,* 930 F.2d at 815. Consequently, the trial court's conclusion that defendant was not a minimal or minor participant was not clearly erroneous.

## V. Conclusion

We find that the trial court committed no error in sentencing defendant. The judgment of the trial court is **AFFIRMED.**