42 F.3d 1407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Armando FLORES, aka Armando Flores-Perez, Defendant-Appellant.
 No. 94-2036.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1994.
 
 1
 Before ANDERSON and LOGAN, Circuit Judges, and SAFFELS, Senior District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SAFFELS, Senior District Judge.
 
 
 4
 Mr. Flores appeals from the sentence imposed following his plea of guilty to one count of distribution of a controlled substance, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(c).
 
 
 5
 The New Mexico State Police arrested Mr. Flores August 11, 1993, on charges of trafficking in cocaine and possession with intent to distribute heroin. He was released later the same day pending the filing of federal charges. On September 9, 1993, a federal Grand Jury returned an eight count indictment. Counts I, III, V, and VII of the indictment charged possession with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(c). Counts II, IV, VI, and VIII charged distribution of less than 500 grams of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(C).
 
 
 6
 Mr. Flores was arrested pursuant to the indictment on September 22, 1993. He entered a plea of guilty to Count VIII on November 3, 1993. In his presentence report, he was assessed two points--one point each--for two prior uncounseled state misdemeanor driving while intoxicated ("DWI") convictions, for which he was not incarcerated. The additional two points increased his criminal history category from level I to II. As a result, his sentencing range increased from 18-24 months to 21-27 months.
 
 
 7
 His sentencing hearing was held January 12, 1994. Following the hearing, the trial court sentenced him to a 21-month term of imprisonment. At the hearing, Mr. Flores objected to the trial court's inclusion of the two uncounseled state misdemeanor DWI convictions in its calculation of his criminal history score under the United States Sentencing Guidelines ("Sentencing Guidelines"). He argued the convictions should not be considered because they were the result of "unknowing and unintelligent" waivers of his right to counsel.
 
 
 8
 Mr. Flores argues that he is a resident alien with the equivalent of a second grade education and does not speak any English. He further argues that the record does not indicate he was provided with an interpreter before he waived his right to counsel. He points to his education, ability to understand English, and need for an interpreter, as well as the fact he signed one of the waiver forms on the wrong line, as evidence he did not "knowingly and intelligently" waive his right to counsel.
 
 
 9
 In Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the Supreme Court addressed whether an individual has the right to counsel where the individual is not actually imprisoned but there was a possibility that imprisonment could have been imposed. The Supreme Court held that the right to counsel was not implicated so long as imprisonment was not actually imposed. Scott, 440 U.S. at 373-74, 99 S.Ct. at 1161-62. Thus, where an individual is tried without counsel and convicted of a misdemeanor under a statute providing for both imprisonment and a fine, but receives only a fine, his conviction does not run afoul of the Sixth Amendment.
 
 
 10
 Mr. Flores was not represented by counsel in either of his state DWI convictions. His first conviction occurred December 6, 1989, in Reeves County Court, Pecos, Texas. The Texas court did not imprison him. Instead, it sentenced him to nine months probation. His second conviction occurred March 12, 1991, in the Municipal Court of Hobbs, New Mexico. The New Mexico court did not imprison him. Instead, it sentenced him to pay a $900 fine and attend DWI school. Because Mr. Flores was not imprisoned in either instance, Scott instructs that neither conviction runs afoul of the Sixth Amendment. Id.
 
 
 11
 In Nichols v. United States, --- U.S. ----, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), the Supreme Court addressed "[w]hether the Constitution prohibits a sentencing court from considering a defendant's previous uncounseled misdemeanor conviction in sentencing him for a subsequent offense." Nichols, --- U.S. ----, 114 S.Ct. at 1924. In 1983, a state court convicted petitioner Nichols of misdemeanor driving under the influence ("DUI"). The state court fined petitioner $250, but did not incarcerate him. He did not have counsel. In 1990, petitioner pleaded guilty to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846. Pursuant to the Sentencing Guidelines, the trial court assessed one criminal history point for petitioner's 1983 misdemeanor conviction. Petitioner objected to the inclusion of the DUI conviction in his criminal history score because he was not represented by counsel during the state proceeding. He argued that the trial court's consideration of the DUI conviction violated the Sixth Amendment. The Supreme Court disagreed holding that "an uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Id. at --- U.S. ----, 114 S.Ct. at 1928.
 
 
 12
 We recently applied Nichols in United States v. Lockhart, 1994 WL 570936, at p. * 3 (10th Cir. (Kan.)), where we rejected Mr. Lockhart's argument that the district court unconstitutionally enhanced his sentence by including his prior uncounseled misdemeanor convictions in its calculation of his criminal history score under the Sentencing Guidelines. We are persuaded Nichols controls the question presented by Mr. Flores's appeal. Accordingly, since Mr. Flores's uncounseled misdemeanor convictions are valid under Scott, their use by the district court was proper. The judgment of the trial court is AFFIRMED.
 
 
 
 *
 The Honorable Dale E. Saffels, United States Senior District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470