**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**JUN 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

SILVESTRE GUEBARA,

       Defendant - Appellant.

No. 00-3124
(D.C. No. CR-99-10057-14-MLB)
(D. Kansas.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **McKAY** , and **LUCERO** , Circuit Judges.

Appellant Silvestre Guebara was indicted for conspiracy to knowingly possess with intent to distribute 1000 kilograms of a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 and for knowingly possessing with intent to distribute approximately 100 pounds of a mixture or substance containing a detectable amount of marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). In

---

\* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

exchange for the government's agreement to dismiss the conspiracy count, appellant entered a plea of guilty to possession with intent to distribute. The district court accepted appellant's plea and ordered preparation of a presentence investigation report ("PSR").

Apparently pursuant to the PSR, which recommended a two-level offense level reduction for acceptance of responsibility, the district court sentenced appellant to sixty-three months imprisonment, six years of supervised release, a $100 assessment, and ineligibility for all federal benefits for a period of five years. Appellant challenges the sentence on two grounds: first, that the sentencing court double counted a 1994 battery conviction in calculating his criminal history category, and second, that the court should have decreased his

offense level under U.S.S.G. § 3B1.2 for minor participation. [1] Exercising

jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

In sentencing appeals, "[w]e review the district court's factual findings

under the clearly erroneous standard and review its applications of the Sentencing

Guidelines de novo." United States v. Roberts, 185 F.3d 1125, 1144 (10th Cir.

1999) (citation omitted), cert. denied, 120 S. Ct. 1960 (2000). We "'giv[e] due

---

[1] Appellant's appointed counsel filed an Anders brief characterizing this appeal as frivolous. See Anders v. California, 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal). He filed a motion asking for permission to withdraw and appointment of new counsel for the appeal.

In return, appellant filed a response suggesting that he has received ineffective assistance of counsel. (Appellant's Resp. at 1 ("My attorney has failed from the beginning of my sentencing.").) For reasons stated in United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995), the Court will not pass on the ineffective assistance of counsel issue at this time:

Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed. . . .

The reasons for this rule are self-evident. . . . A factual record must be developed in and addressed by the district court in the first instance for effective review.

We note that appellant's counsel did not designate the transcript of the sentencing hearing as part of the record on appeal. Appellant states in his response, "My attorney has failed to send me transcripts from my sentencing after . . . 10 letters written to him." (Appellant's Resp. at 2.) We conclude that appellant's challenges can be resolved without the transcript.

-3-

deference to the district court's application of the guidelines to the facts.'" United States v. Vallo, 238 F.3d 1242, 1250 (10th Cir. 2001) (quoting United States v. Patron-Montano, 223 F.3d 1184, 1188 (10th Cir. 2000)). The government argues that a plain error standard of review should apply in this appeal because appellant did not make his arguments before the sentencing court. As explained below, our review of the record would require us to reject appellant's arguments even if we assumed that he properly preserved his objections during sentencing.

Appellant bases his first argument—that the district court double counted his 1994 battery conviction in computing his criminal history category—on his copy of the original version of the PSR, which included two references to the same crime. The double counting in the original PSR, however, was harmless because it did not affect the final criminal history calculation. In addition, the PSR was revised before the sentencing date to omit the double reference. This aspect of the district court's sentencing was not erroneous. [2]

---

[2] Appellant's Response appears to challenge another aspect of his criminal history computation. He states, "I also feel the Courts failed to supply adequate information on Page 10 of my [PSR] on a D.U.I. making it unfair to use [it] . . . and allow one point for this offense." (Appellant's Resp. at 1.) Although the PSR excluded the date of that offense as unknown, it did include other information—the court in which appellant pleaded guilty, the docket number, the date of sentencing, and the sentence—making it fair to include the offense in calculating his criminal history category.

-4-

Similarly, the sentencing court did not err by failing to decrease appellant's offense level for minor participation sua sonte. Under U.S.S.G. § 3B1.2(b), the sentencing court "may grant a two-point reduction if the defendant proves by a preponderance of the evidence [he] acted as a minor participant in the offense." United States v. Chavez, 229 F.3d 946, 956 (10th Cir. 2000) (citing United States v. Lockhart, 37 F.3d 1451, 1455 (10th Cir. 1994)); see United States v. Santistevan, 39 F.3d 250, 254 (10th Cir. 1994) ("It is the defendant's burden to establish, by a preponderance of the evidence, his entitlement to an offense level reduction under § 3B1.2." (citations omitted)). It was appellant's, not the sentencing court's, burden to raise and prove that he was entitled to the decrease in offense level. [3]

---

[3] As mentioned above, appellant entered a plea of guilty to possession with intent to distribute in exchange for the government's promise to dismiss the greater conspiracy count. If appellant had sought a decrease in offense level under § 3B1.2(b), it would have been a difficult sell. As the commentary accompanying the sentencing guideline states,

> If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.

U.S.S.G. § 3B1.2(b) cmt. 4.

Appellant attacks as false a Drug Enforcement Agency official's testimony to the effect that appellant was not a minor participant in an offense. Because the

(continued...)

Counsel's motion to withdraw is **GRANTED**. Appellant's motion to have counsel appointed is **DENIED**, and his sentence is **AFFIRMED.**

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3](...continued)
district court did not have a duty to decrease sua sponte appellant's offense level, the attack is to no avail.