**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WESLEY ALLEN DORROUGH, also
known as Allen Dorrough,

Defendant - Appellant.

No. 02-6237
(D.C. No. 01-CR-175-L)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **PORFILIO** and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is the direct criminal appeal of defendant Wesley Allen Dorrough's conviction under the general conspiracy statute, 18 U.S.C. § 371, for agreeing, between August 2000 and November 2000, to help smuggle heroin into the Federal Correctional Institution, El Reno, Oklahoma (El Reno), where he was an inmate. Defendant also appeals his related conviction of the attempted possession of a sympathy card containing heroin which had been mailed to him and intercepted by prison officials. On appeal, defendant argues that evidence of his three prior positive drug tests while incarcerated at El Reno should not have been admitted and that the district court erred in refusing to allow a two-to-four point reduction in the guideline calculation to reflect his limited role in the offense. After our review of the parties' briefs, the record, and the relevant case law, we affirm.

As the parties are familiar with the facts of this case, we will refer to them only as necessary to explain our decision. Suffice it to say that defendant agreed with the two ringleaders of a heroin smuggling operation to allow his name to be used as the addressee of greeting cards sent into El Reno and containing heroin. In return for taking this risk, defendant was rewarded with a portion of the heroin shipment. He argues that the district court erred in allowing evidence of his three prior positive drug tests to be introduced at trial, contending that two of the tests had occurred before the dates of the conspiracy.

The Federal Rules of Evidence prohibit the admission of evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Rule 404(b) provides, however, that admission of such evidence for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" is acceptable. *Id.* We review the district court's decision to admit evidence of defendant's prior drug use for abuse of discretion. *See United States v. Fitzherbert*, 13 F.3d 340, 343 (10th Cir. 1993).

The district court held a hearing to address the admissibility of the drug-test evidence and concluded, after applying the factors set out in *Fitzherbert*, that the evidence could be properly admitted. In *Fitzherbert*, this court set out the following criteria for determining whether evidence of prior acts under Rule 404(b) could be admitted:

(1) the evidence must be offered for a proper purpose;
(2) the evidence must be relevant;
(3) the trial court must make a rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and
(4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that the evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*Id.* (quotation omitted).

The district court found that the evidence was both relevant and offered for a proper purpose because it would show defendant participated in the conspiracy in exchange for drugs. In determining that the probative value of the evidence was not outweighed by its potential for unfair prejudice, the court noted that the jury would already know defendant was an inmate in a federal prison and would learn from defendant's admissible confession of his drug use. The court agreed to give a limiting instruction if so requested by defendant. Because the district court properly applied the *Fitzherbert* factors in determining the admissibility of the drug-test evidence, the eventual inclusion of that evidence at trial was not an abuse of discretion.

As his second issue on appeal, defendant contends that the district court erred in refusing to allow a two-to-four point reduction in the guideline calculation for his role in the offense as a minimal, minor, or between minimal and minor participant pursuant to USSG § 3B1.2. "A trial court's determination as to whether a defendant was a minimal or minor participant is a factual finding that we review only for clear error." *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir. 1994). Defendant must prove by a preponderance of the evidence that he was a minimal or minor participant in the offense and thus eligible for a § 3B1.2 reduction. *Id.* "[A] defendant is not entitled to a reduction under 3B1.2

simply because he is the least culpable among several participants in a jointly undertaken criminal enterprise." *Id.*

In denying the minimal role adjustment, the district judge noted his familiarity with the case and with defendant's particular role, having already sentenced the other conspirators. R. Vol. VI at 462. While acknowledging that defendant was not a leader of the organization, the court concluded that defendant "was more than a minimal participant in . . . the use of his name. . . . [H]is role in the conspiracy was more than simply a minimal player who did not understand the scope and structure of the enterprise." *Id.* at 462-63. In response to defense counsel's allusion to the other two levels of role adjustment anticipated by § 3B1.2–that of minor participant and that of a participant somewhere between minimal and minor–the district court responded:

> The Court is aware of the statute. . . . I feel that Mr. Dorrough's role is one which he is above the minimal participant and at the level where he would not get any credit for his role.
>
> The Court feels his role was such that was important to the conspiracy, that he had an understanding of what the conspiracy and purposes were and the ramifications of it.
>
> He was not a leader and does not get additional points upward for being a leader of the conspiracy, but his role was such that the Court feels that he should not be given any adjustment as a leader or as a minimal participant. His role was vital and key to the overall end result of the conspiracy. And he had knowledge according to what the Court understands from the testimony of what the purpose and the full ramifications of the conspiracy were.

*Id.* at 463-64.

We have reviewed the record in this case and find that the district court properly considered all levels of adjustment under § 3B1.2. The court's conclusion that defendant was not a minimal or minor participant was not clearly erroneous.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge