**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FILABERTO DIAS-RAMOS,

    Defendant-Appellant.

No. 01-2378

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR-00-1587 LH)**

---

Michael A. Keefe, Assistant Federal Public Defender (Joseph W. Gandert, Assistant Federal Public Defender, on the briefs), Albuquerque, New Mexico, for Defendant-Appellant.

James Miles Hanisee, Assistant U.S. Attorney (David C. Iglesias, United States Attorney, and Norman Cairns, Assistant U.S. Attorney, on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

---

Before **SEYMOUR** and **LUCERO**, Circuit Judges, and **CASSELL**,[*] District Judge.

---

**SEYMOUR**, Circuit Judge.

---

[*]The Honorable Paul G. Cassell, United States District Judge, United States District Court for the District of Utah, sitting by designation.

Filaberto Dias-Ramos pled guilty to possession with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's judgment and sentence, contending the court erroneously determined it lacked the authority to depart downward from the sentencing guidelines. We conclude we lack jurisdiction and dismiss the appeal.

**I**

Mr. Dias-Ramos consented to a police search of a suitcase in his possession at a bus station in Albuquerque, New Mexico, on November 17, 2000. The officers discovered 3.92 kilograms of heroin in a false bottom in the suitcase. Mr. Dias-Ramos pled guilty to possession with intent to distribute one kilogram and more of heroin.

Using the 2000 version of the sentencing guidelines, the United States Probation Office calculated Mr. Dias-Ramos's base offense level at 34. His total offense level was 27 after reductions for acceptance of responsibility, minor participation, and the safety valve provision. The government stipulated to the reductions. Prior to sentencing, Mr. Dias-Ramos filed a motion for a downward departure based on, among other factors, family circumstances and aberrant behavior. In an addendum to its presentence report, the Probation Office considered Mr. Dias-Ramos's arguments and explained why, in its view, the

guidelines, and particularly the adjustments, had taken into consideration all of Mr. Dias-Ramos's relevant circumstances. The Probation Office thus asserted that Mr. Dias-Ramos's case was not outside the heartland of those cases the guidelines were intended to cover, and therefore did not warrant departure.

During his sentencing hearing before the district court, Mr. Dias-Ramos presented a third ground for departure he had not raised in his previous written motion. He contended that because he was merely a courier with no knowledge of the amount or type of contraband he was transporting, his case was one that fell outside the sentencing heartland and therefore a departure was warranted.[1] The court denied the requested departure:

> Well, I have some serious sympathy for the defendant and his family. But this is not the first time that I've seen someone in the same situation who has admitted transporting contraband, and not knowing the amount of the contraband, and having faced sentencing according to the guidelines, which takes into consideration the amount of the contraband. It's not an unusual set of circumstances.
> I have to agree that sometimes the sentencing guidelines are so–what appears to be too harsh a sentence, based upon the amount of contraband that's being transported. And it always is more harsh, it appears, at least, when you have someone who comes from the type of family situation that this defendant does.
> However, I have to agree with the probation office that this

---

[1] For sentencing purposes, a defendant is responsible for the drugs linked to conduct he personally undertakes, such as Mr. Dias-Ramos's carrying the suitcase in this case, even if the defendant is unaware of the quantity of drugs in his possession. *See United States v. Lockhart*, 37 F.3d 1451, 1454 (10th Cir. 1994) (where driver knew purpose of a trip was to obtain cocaine, quantity of drugs attributed to him did not need to be foreseeable).

does not take him out of the heartland of the cases for which the guidelines have been designed. And maybe that's a failure of the guidelines to not take into consideration personal circumstances of the defendant and his family, but they don't. There is no evidence before the Court that the defendant has previously engaged in such activity, but just that fact alone does not make the result of aberrant behavior apply. I have a great deal of sympathy for him, as I've said, and the family ties and responsibilities, the economic, the depressed area in which he and his family reside. His two children, the period of time that he has worked continuously as a truck driver and lived with and financially supported his wife are all, I think, wonderful things; but that does not, according to my understanding of the application of the guidelines, permit me to depart. It would be nice if I–if I had that kind of discretion. I don't think I do.

And it may be that you want to have this matter considered by the Tenth Circuit, but I'm going to have to deny the motion for a downward departure for the reasons that I've stated.

Unfortunately, there are many aliens, including illegal aliens, who are in the same situation as the defendant. And for that reason, I conclude that he's not outside the heartland of the cases to which the guidelines apply.

Sent. tr. at 23-25. The court sentenced Mr. Dias-Ramos to seventy months.

On appeal, Mr. Dias-Ramos does not contend the district court erred in denying a downward departure based on family circumstances or aberrant behavior. We therefore address only his argument regarding the potential departure for lack of knowledge.

## II

"For most convictions, a sentencing court may depart from the sentence range set by the Guidelines only if it 'finds that there exists an aggravating or

mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.'" *United States v. Lang*, 364 F.3d 1210, 1213-14 (10th Cir. 2004) (quoting 18 U.S.C. § 3553(b)(1)). Based on our review of the cases, a district court tends to do one of three things when denying a request for a departure: (1) make an unambiguous statement that a category of requested departures, as a matter of law, never constitutes valid grounds for departure and therefore the court has no authority to depart; (2) make an unambiguous statement that the defendant's particular circumstances do not warrant departure; or (3) make a more general or ambiguous statement that renders it difficult to ascertain the court's rationale for denying the departure. We have declared in this circuit that we have jurisdiction to review only cases in the first category. *See United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998); *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).[2] As we explained in *Castillo*:

---

[2] Mr. Dias-Ramos correctly points out that our caselaw regarding our jurisdiction to review downward departure sentencing appeals appears to be out of step with all the other circuits. If the district court's sentencing language is ambiguous, these other courts either accept jurisdiction, or remand to the district court for clarification or reconsideration. *See, e.g.*, *United States v. Smith*, 278 F.3d 605, 609-11 (6th Cir. 2002); *United States v. Powell*, 269 F.3d 175, 179-80 (3d Cir. 2001); *United States v. Lewis*, 249 F.3d 793, 795 (8th Cir. 2001); *United States v. Rojas-Millan*, 234 F.3d 464, 475 (9th Cir. 2000); *United States v. Thames*, 214 F.3d 608, 612 (5th Cir. 2000); *United States v. Mignott*, 184 F.3d 1288, 1290 (11th Cir. 1999); *United States v. Aker*, 181 F.3d 167, 172-74 (1st Cir.
(continued...)

the courts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant. This exception does not apply when a sentencing court concludes *under the defendant's particular circumstances* that it does not have the authority to depart.

140 F.3d at 887 (citations omitted).

Here, the district court was ambiguous with respect to its authority to depart based on a drug courier's lack of knowledge of the quantity of drugs he is carrying. We cannot determine whether the court denied the departure because (a) the court considered Mr. Dias-Ramos's asserted lack of knowledge and determined that the facts of his particular case placed him in the heartland, or (b) the court believed it lacked legal authority to depart whenever a courier seeks a departure based on lack of knowledge. The district court denied the departure after describing the facts of this case as "not an unusual set of circumstances,"

---

[2](...continued) 1999); *United States v. Aramony*, 166 F.3d 655, 665 (4th Cir. 1999); *United States v. Vahovick*, 160 F.3d 395, 398-99 (7th Cir. 1998); *United States v. Graham*, 83 F.3d 1466, 1481 (D.C. Cir. 1996); *United States v. Ekhator*, 17 F.3d 53, 55 (2d Cir. 1994). Nevertheless, absent *en banc* review or a superceding opinion from the United States Supreme Court, this panel must apply *Castillo* and *Rodriguez*. *See United States v. Lopez*, 372 F.3d 1207, 1212 & n.6 (10th Cir. 2004) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (quoting *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993))). If counsel for Mr. Dias-Ramos believes that *en banc* review of the rule in *Castillo* and *Rodriguez* is warranted, an appropriate petition should be filed.

Sent. tr. at 23, and stating that lack of knowledge is "so common in the cases that I have had in my court, I can't tell you how many it might be.  It's so-run-of-the-mill.  It's what happens." *Id.* at 15.  The court's final word on the matter, however, suggests denial both because Mr. Dias-Ramos's particular case was within the heartland of courier-defendants, *and* because the court believed it could not depart for the class of circumstances proffered: "[u]nfortunately, there are many aliens . . . who are in the same situation as the defendant.  And for that reason, I conclude that he's not outside the heartland of the cases to which the guidelines apply." *Id.* at 24-25.

The district court did not unambiguously state it lacked authority to depart from the guidelines for an entire class of circumstances.  Pursuant to *Castillo* and *Rodriguez*, therefore, we cannot exercise jurisdiction to review this matter.  Accordingly, we **DISMISS** the appeal.