NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1757
_____

UNITED STATES OF AMERICA

v.

KEISHA C. ANDERSON,

Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 08-cr-226-2)
District Judge:  Hon. Gustave Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2010

Before:   RENDELL, JORDAN and GREENAWAY, JR., *Circuit Judges*.

Filed: July 15, 2010
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Kiesha Anderson pled guilty to two counts of possession with intent to distribute

and distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841

and 18 U.S.C. § 2.  The United States District Court for the Western District of

Pennsylvania sentenced her to ten months' imprisonment on each count, to run concurrently, to be followed by four years of supervised release on each count, also to run concurrently. Anderson challenges her sentence, arguing that the District Court erred when it denied her a minor role reduction pursuant to U.S.S.G. § 3B1.2, and that her sentence is procedurally and substantively unreasonable. For the following reasons, we will affirm.

## I. Background

A grand jury in the Western District of Pennsylvania returned a six-count indictment against Anderson and Damond Goggins, charging them jointly in two of the counts – the ones to which Anderson pled guilty – and charging only Goggins in the remaining counts. The District Court granted Anderson's request for preparation of a presentence report ("PSR") in advance of a hearing on a proposed plea agreement. In that PSR, the Probation Office calculated an advisory Sentencing Guidelines range of 70-87 months' imprisonment, resulting from a total offense level of 27 and a criminal history category of I.[1] Each of the crimes with which Anderson was charged carried a statutory minimum of five years' imprisonment.

---

[1]According to the PSR, Anderson's base offense level was 30, because the offenses involved a combined drug weight of 79.9 grams of crack cocaine, *see* U.S.S.G. § 2D1.1(c)(5). That base offense level was reduced by three points for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b).

2

At the sentencing hearing, Anderson entered an open plea of guilty to the two counts against her. The District Court acknowledged the Guidelines range calculated in the PSR and the mandatory minimum sentences but accorded Anderson the benefit of a safety valve reduction pursuant to U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2, thereby permitting a sentence below the statutory minimum. In addition, the District Court granted Anderson's request to calculate her base offense level by using the table for powder cocaine and not crack cocaine. As a result, Anderson's base offense level was reduced to 16. *See* U.S.S.G. § 2D1.1(c)(12). With the two-point safety valve reduction and a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), Anderson's total offense level was calculated at 12. Combined with her criminal history category of I, the District Court calculated her advisory Guidelines range at 10 to 16 months.

The District Court sentenced Anderson to a term of imprisonment of 10 months on each count, to run concurrently, to be followed by a four-year term of supervised release on each count, also to run concurrently. Anderson now appeals.

## II. Discussion[2]

As earlier noted, Anderson claims that her sentence should have been calculated by taking account of what she claims was her minor role in the crimes. She also says that her sentence is procedurally and substantively unreasonable.

The Sentencing Guidelines provide that a defendant's offense level may be reduced by two levels "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). A "minor participant" is "a defendant ... who is less culpable than most other participants but whose role could not be described as minimal." *Id.* cmt. n.5. Anderson contends that she qualifies as a minor participant, and that the District Court therefore erred in denying her a reduction pursuant to U.S.S.G. § 3B1.2. "We employ a mixed standard of review when considering whether a defendant was entitled to a downward adjustment as a minor participant." *United States v. Isaza-Zapata*, 148 F.3d 236, 237 (3d Cir. 1998). "We exercise plenary review where the district court's denial of a downward adjustment is based primarily on a legal interpretation of the Sentencing Guidelines." *Id.* (citing *United States v. Bierley*, 922 F.2d 1061, 1064 (3d Cir. 1990)). "However, where the district court's decision rests on factual determinations, we review for clear error." *Id.*

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, which grants to the "district courts of the United States ... original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Anderson argues first that the District Court committed legal error when it determined that because she acted as a drug distributor, "there was nothing minor about her role," and "[s]he was an instrumental, integral part of [the] operation." (App. at 73.) Anderson contends that the District Court made a legal determination that drug distributors, as a category of criminals, are *per se* not entitled to minor role reductions, and that this determination contravenes our precedent. *See Isaza-Zapata*, 148 F.3d at 238 (explaining that "because the determination of whether a defendant is entitled to a minor role adjustment is highly dependent on the facts of particular cases . . . a mechanical application of the guidelines by which a court always denies minor role adjustments to couriers because they are 'essential,' regardless of the particular facts or circumstances" is error).

Anderson's argument is unpersuasive, as it relies on selected and out-of-context statements from the District Court during the sentencing hearing. A fuller reading of the hearing transcript reveals that the District Court did not rely on a *per se* rule that distributors are not entitled to minor role reductions. Rather, the District Court relied on the record facts in denying Anderson the reduction, explaining that Anderson "made contact with the person who was purchasing," "provided the person who was purchasing with the drugs," and "accepted funds for the drugs," and noting that "[a]t the moment she was active in this crime, her co-defendant wasn't even on the scene." (App. at 74.) In light of this explanation, it is clear that the District Court considered "the nature of the

5

defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991). The Court did not err in determining that, based on these facts, Anderson was "a principal participant" in the crime of possession with intent to distribute, and distribution of, crack cocaine. (App. at 74.)

Anderson also argues that the District Court should have granted her a minor role reduction because the drug deals were organized and controlled by Goggins. She asserts that she was relatively unimportant to the scheme, did not know the scope of the enterprise, and did not receive a significant economic benefit from her involvement. Again we disagree with her characterization of the facts. The record shows that a significant amount of crack cocaine (79.9 grams) was entrusted to Anderson; she conducted two separate exchanges over a period of three months; she confirmed prices for those exchanges; she was entrusted with collecting cash payments; and she was indeed paid for her efforts. In light of those facts, the District Court did not err in denying Anderson a minor role reduction. *See, e.g., United States v. Bautista*, 532 F.3d 667, 674 (7th Cir. 2008) (no minor role reduction where defendant was a trusted part of the drug operation); *United States v. Brown*, 250 F.3d 811, 820 (3d Cir. 2001) (no minor role reduction where defendant was engaged in illegal activities on multiple days and interacted with main figure in operation); *United States v. Lockhart*, 37 F.3d 1451, 1455

(10th Cir. 1994) (no minor role reduction where defendant expected to be compensated for his role in the illegal conduct).

Turning to Anderson's challenge to the reasonableness of her sentence, we assess the challenge in two steps. We begin by determining whether the District Court committed any "significant procedural error, such as ... failing to consider the § 3553(a) factors." *Gall v. United States*, 552 U.S. 38, 51 (2007). If a sentence is "procedurally sound," we then ask whether it is substantively reasonable. *Id.* "The abuse-of-discretion standard applies to both our procedural and substantive reasonableness inquiries." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

A district court's "fail[ure] to consider the § 3553(a) factors" can create a procedurally unreasonable sentence. *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008) (quoting *Gall*, 552 U.S. at 51). Indeed, we have held that the touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of those factors. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). However, we have also made it clear that "[t]here are no magic words that a district judge must invoke when sentencing ... ." *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006). "A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007).

Anderson contends that her sentence is procedurally unreasonable because the District Court failed to adequately consider "the kinds of sentences available," as required under 18 U.S.C. § 3553(a)(4), and failed to address her argument that a non-incarceration sentence was sufficiently severe. The record indicates otherwise. The District Court heard and considered argument from defense counsel that Anderson did "not deserve a prison sentence in the way of just punishment," and that "a sentence of home detention" would be more appropriate (App. at 81-84), but the District Court rejected that argument, finding that Anderson's history and characteristics, the seriousness of her offense, the need for the sentence to promote respect for the law, and the interest in deterrence counseled in favor of a sentence of incarceration. The District Court noted specifically that "if a ... non-incarceration sentence were imposed in this case, it would have an adverse impact on the community with regard to its ability to encourage or deter the commission of a crime." (*Id.* at 90.) The record shows that the District Court considered imposing a non-incarceration sentence in response to defense counsel's argument but decided on a term of imprisonment based upon the factors enumerated in 18 U.S.C. § 3553. We are satisfied that Anderson's sentence was procedurally reasonable.[3]

---

[3] There is no merit to Anderson's contention that the District Court focused on the seriousness of drug crimes generally and the need for imprisonment to deter and punish offenders as a whole but failed to address her "particular argument that even though drug dealing is serious, her circumscribed role made this drug offense comparatively less serious," and her "positive evidence put on that incarceration was not necessary to deter [her] specifically." (Appellant's Br. at 37-38.) Again, the record indicates otherwise.

In addition, we reject Anderson's argument that the District Court based its

We are likewise satisfied that the sentence is substantively reasonable. A sentence fails the test of substantive reasonableness only when "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568; *see also Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify a reversal of the district court."). The sentence imposed was at the extreme low end of Anderson's Guidelines range, after reflecting the District Court's thoughtful adjustment of that range down from the much higher level Anderson had faced. The suggestion that her sentence is beyond the boundaries of reasonableness reflects the defendant's profound misunderstanding of those boundaries.

---

sentencing decision on her bare arrest record, and that, based on our decision in *United States v. Berry*, 553 F.3d 273, 281 (3d Cir. 2009), this was error. In *Berry*, the sentencing court speculated, without anything in the record explaining why prior charges were dismissed, that "the reason [the defendants didn't] have any actual adult convictions is because of the breakdowns in the court – in the state court system – and not because of innocence." *Id.* at 277. The sentencing court then took into account that the defendants' "criminal history points were probably understated" in fashioning their sentences. *Id.* at 279. We stated that it was "clear that the sentencing court relied, at least in part, on bare arrest records in imposing a more lengthy term of imprisonment," and thus we remanded for resentencing, holding that "a bare arrest record – without more – does not justify an assumption that a defendant has committed other crimes and it therefore can not support increasing his/her sentence in the absence of adequate proof of criminal activity." *Id.* at 284. Here, the discussion of Anderson's arrest record arose only in response to defense counsel's argument that her numerous convictions for disorderly conduct were the result of self-defense. (App. at 83, 87-88.) Thus, the District Court did not rely on Anderson's bare arrest record in imposing a more lengthy term of imprisonment. Instead, it is clear that the District Court properly considered the § 3553 factors in imposing a prison sentence.

9

**III.    Conclusion**

For the foregoing reasons, we will affirm the sentence imposed by the District Court.